GERMAN SECURITY BANK ET AL. *v.* H. T. JEFFERSON ET AL.

**Banks and Banking—Lien of Bank on Stock—Priority.**

Since the priority of the claims of a bank upon bank stock held and owned by debtors is given by the law, the bank can not be compelled to share with the general creditors in the general fund, until the latter are made equal.

APPEAL FROM LOUISVILLE CHANCERY COURT.

June 16, 1874.

OPINION BY JUDGE LINDSAY:

In the case of Logan v. Anderson, 18 B. Mon. 119, it was held that a creditor having two securities arising out of contract, might

go upon either or both; that his interest in each was several; and that equity will refuse to marshal securities to the prejudice of the creditor entitled to the double fund, but that the general rule is that the debts of a mortgagee, holding more than one security, shall all be thrown upon ratability, in order that the residue, if any, may be left to other incumbrances.

In the case of Northern Bank of Kentucky v. Keiger, 2 Duvall 169, where the law gave to the partnership creditors a superior claim to the individual creditors, it was determined that, whilst the partnership creditors might exhaust all the partnership assets, to the exclusion of individual creditors, they could not claim any interest whatever in the individual estate of the partners, until the individual creditors had been made equal with them.

The line of distinction between the two cases is clearly marked. It is not necessary that we shall express an opinion as to the propriety of the rule acted on in the case in 18 B. Mon., but we do not hesitate to approve fully the doctrine of the last named case.

In the case at bar, the priority of the claims of the different banks upon the bank stock, held and owned in each by the debtors, is a priority given by law, and not one arising out of contract. The chancellor therefore properly held that said banks should not share with the general creditors in the general fund, until the latter were made equal with them.

The provisions of the Bankrupt Act do not control this case. It must be settled according to the terms of the deed of assignment, and this deed, in effect, provides for the distribution of the assets of the debtors in accordance with the rules of equity prevailing in this state. The judgment of the vice-chancellor is affirmed.

*J. S. Barnett, I. W. Edwards, for appellants.*

*Caldwell, Barrett, Roberts, Boyle, for appellees.*